IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01791-GPG

JAN B. HAMILTON,

    Petitioner,

v.

DON BIRD, Pitkin County Jail,
D. MULDOON, Capt., Fairplay, CO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER TO FILE AMENDED APPLICATION

---

    Petitioner, Jan B. Hamilton, is serving a sentence at the Park County Jail. She initiated this action by filing a "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody." (ECF No. 1). Ms. Hamilton has paid the $5.00 filing fee. (*Id.*).

    On August 31, 2015, the Court reviewed the Petition and determined that it was deficient because it was not filed on the court-approved form and appeared to be duplicative of the Amended "Petition" that Ms. Hamilton filed in *Jan B. Hamilton v. Don Bird, Pitkin County Jail*, *et al.*, Civil Action No. 15-cv-01691-GPG (ECF No. 7). (ECF No. 5). Accordingly, the Court ordered Ms. Hamilton to show cause, in writing, within 30 days, why the Petition should not be dismissed as duplicative.

    On August 31, 2015, Ms. Hamilton filed a "Petition to Show Cause in Two Cases (14M143 and 10CR76)" (ECF No. 6), in which she clarifies the state court convictions that she is challenging in each of her five pending habeas cases:

      15-cv-1691-GPG: Case 14M143
      15-cv-1791-GPG: Case 10CR76
      15-cv-01792-GPG: Case 11CR30
      15-cv-01879-GPG: Case 14M92
      15-cv-01882-GPG: Case 14M30

Given the clarification, Ms. Hamilton will be directed to file an Amended Application, on the court-approved form, which addresses the validity of her conviction in Pitkin County Case No. 10CR76. Ms. Hamilton should also address whether she has exhausted available state court remedies, <u>for 10CR76 only</u>, and attach any pertinent state court decisions.

The Amended Application that Ms. Hamilton will be directed to file must comply with the pleading requirements of Fed.R.Civ.P. 8. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(4); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the basis for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In addition, Rule 4(c) of the Rules Governing Section § 2254 Cases in the United States District Courts requires that an application "specify all grounds for relief available to the petitioner" and "state the facts supporting each ground." The Petition contains 165 pages of attachments. It is not the duty of this Court or the Respondents to sift through numerous attachments to determine whether the Plaintiff has states a claim for relief.

In addition, the Amended Application **may not exceed 30 pages in length, including any attachments (unless the attachments are state court orders pertaining to 10CR76)**.  Ms. Hamilton is warned that failure to comply with this page limit will result in any excess pages being stricken and not considered by the Court.

Accordingly, it is

ORDERED that Ms. Hamilton file, **within thirty days from the date of this Order**, an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, on the court-approved form, that complies with the directives in this Order.  It is

FURTHER ORDERED that the Clerk of the Court shall mail to Petitioner a copy of the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form.  It is

FURTHER ORDERED that if Petitioner fails within the time allowed to file an Amended Application as directed, the action will be dismissed without prejudice and without further notice.

DATED September 1, 2015, at Denver, Colorado.

BY THE COURT:

s/ Gordon P. Gallagher

United States Magistrate Judge