IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01791-GPG

JAN B. HAMILTON,

    Applicant,

v.

DON BIRD, Pitkin County Jail,
D. MULDOON, Capt., Fairplay, CO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Jan B. Hamilton, is detained in the Pitkin County Detention Center in Aspen, Colorado. She initiated this action on August 19, 2015, by filing, *pro se*, a "Petition Under 28 U.S.C. § 2254" (ECF No. 1). Ms. Hamilton has paid the $5.00 filing fee.

**I. Procedural Background**

In an August 13, 2015 Order (ECF No. 5), Magistrate Judge Gordon P. Gallagher reviewed the Petition and determined that it was deficient because it was not filed on the court-approved form and appeared to be duplicative of the Amended "Petition" that Ms. Hamilton filed in *Jan B. Hamilton v. Don Bird, Pitkin County Jail, et al.*, Civil Action No. 15-cv-01691-GPG. Accordingly, Magistrate Judge Gallagher ordered Ms. Hamilton to show cause, in writing, within 30 days, why the Petition should not be dismissed as duplicative. (*Id.*).

On August 31, 2015, Ms. Hamilton filed a "Petition to Show Cause in Two Cases

(14M143 and 10CR76)" (ECF No. 6), in which she clarifies that the state court conviction she is challenging in the present action is her conviction in Pitkin County District Court Case No. 10CR76.  Given the clarification, Magistrate Judge Gallagher directed Ms. Hamilton, in a September 1, 2015 Order (ECF No. 7), to file an Amended Application, on the court-approved form, within 30 days, which addressed the validity of her conviction in Case No. 10CR76.  Magistrate Judge Gallagher further ordered that the Amended Application must comply with the pleading requirements of Fed.R.Civ.P. 8.  (*Id.*).  The Clerk of the Court mailed to Ms. Hamilton a copy of the court-approved form for filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 the same day. (*Id.*).

On September 11, 2015, Ms. Hamilton notified the court that she had been transferred from the Park County jail, in Fairplay, Colorado, to the Pitkin County Detention Center, in Aspen, Colorado.  (ECF No. 8).  Magistrate Judge Gallagher thereafter issued a Minute Order on September 16, 2015, directing the clerk of the court to resend to Applicant a copy of the September 1 Order, as well as a copy of the court-approved form for filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  (ECF No. 10).  Magistrate Judge Gallagher ordered Applicant to file an Amended Application within 30 days of the September 16 Minute Order.

Ms. Hamilton filed an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, on the court-approved form, on October 9, 2015. (ECF No. 13).

The Court construes Ms. Hamilton's filings liberally because she is not represented by counsel.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  For the reasons discussed below, the

Amended Application will be dismissed.

## II.   Analysis of the Amended Application

On May 31, 2013, Ms. Hamilton was convicted, pursuant to her guilty plea, of violation of a protection order under COLO. REV. STAT. (C.R.S.) § 18-6-803.5(1), 2(a), in Pitkin County District Court Case No. 10CR76.   (*See* Civil Action No. 15-cv-01882-GPG, ECF No. 7 at 23, 26).   She was sentenced to serve 18 months in jail.   (*Id.*).

Applicant asserts the following claims for relief in the Amended Application: (1) violations of 18 U.S.C. § 245 (prohibiting the use of force or threats against persons engaged in enumerated federally protected activities) and § 249 (prohibiting hate crimes); (2) violation of 28 U.S.C. § 1343 (granting the federal district courts original jurisdiction over a civil rights action); and (3) violations of 42 U.S.C. § 1985 (providing a damages remedy against persons who conspire to deprive on of their civil rights), and § 18-1-901, C.R.S. (provisions applicable to offenses generally).   (ECF No. 13 at 5, 6).

Ms. Hamilton's allegations are rambling and confusing.   For example, in support of her first claim, she states:

> When 1st Baptist "Religious Extremists" in "Lynch Mob" Klu Klux Clan tactics attacked me demanding "Conversion Therapy" I was forced to go to weekly classes with Brunhilde Shaffer, a German woman to be "cured of being a lesbian." After I completed the classes and held an invitation to return, I was arrested – the 1st arrest of my life – now 19 more arrests in 6 years.

(ECF No. 13 at 5).   Applicant alleges in support of claims two and three that she is being denied her cancer medications in jail and that she has been the victim of multiple conspiracies over the years.   (*Id.* at 6).

Applicant's Amended Application fails to comply with Fed. R. Civ.P. 8 and does not allege a viable claim for relief under 28 U.S.C. § 2254.

Federal habeas corpus relief is available under 28 U.S.C. § 2254 only if the Applicant demonstrates that she "is in custody in violation of the Constitution or the laws of the United States." 28 U.S.C. § 2254(a). Applicant's claim that various individuals violated federal criminal laws does not tend to show that her conviction for violating a protection order is unconstitutional. Furthermore, a challenge to the conditions of a state prisoner's confinement may not be asserted in a habeas action. *See Standifer v. Ledezma,* 653 F.3d 1276, 1280 (10th Cir. 2011). In addition, Ms. Hamilton may not seek habeas corpus relief based on an alleged violation of civil rights laws that provide for a damages remedy. *See* 28 U.S.C. § 1343; 42 U.S.C. § 1985. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (stating that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."). And, finally, a violation of state law is not remediable under 28 U.S.C. § 2254. *See Estelle v. McGuire*, 502 U.S. 62 (1991) (stating that habeas corpus does not lie to correct errors of state law).

Because the Amended Application does not assert a claim for relief that is cognizable under 28 U.S.C. § 2254, this action will be dismissed without prejudice.

Ms. Hamilton is reminded that if she initiates a new habeas action, she is required to properly exhaust any constitutional claims in the state courts before seeking federal habeas corpus relief. 28 U.S.C. § 2254(b); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). Applicant's allegation in one of her other pending habeas cases--that she filed a state post-conviction motion in 10CR76, which is pending in the Colorado Court of Appeals (s*ee* Action No. 15-cv-01882-GPG, ECF No. 7, at 12)--suggests that she has not satisfied the exhaustion requirement. Accordingly, it is

ORDERED that the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 13) and this action are DISMISSED WITHOUT PREJUDICE for Ms. Hamilton's failure to assert a claim that is cognizable under 28 U.S.C. § 2254. It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of this procedural ruling and Ms. Hamilton has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal.   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.   *See Coppedge v. United States*, 369 U.S. 438 (1962).   If Ms. Hamilton files a notice of appeal she must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   It is

FURTHER ORDERED that all pending motions are DENIED as moot.

DATED October 28, 2015, at Denver, Colorado.

BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO, District Judge for
LEWIS T. BABCOCK, Senior Judge